UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

**JAMAR JOHNSON,**
        **Plaintiff,**

                              **CASE NO.: 8:20-cv-2799**

**v.**

**FLORIDA DEPARTMENT OF CORRECTIONS,**
**CENTURION,**
**MERCEDES CABALEIRO, MD.,**
Medical Director;
**HEATHER DEXTER, RN;**
**MELISSA MITCHELL, RN; and**
**A. MENDES, RN;**

        **Defendants.**
_____/

## COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff, JAMAR JOHNSON, by and through the undersigned attorney, hereby files this complaint and demand for jury trial against Defendants FLORIDA DEPARTMENT OF CORRECTIONS (FDOC), CENTURION, MERCEDES CABALERIO, MD, HEATHER DEXTER, RN, MELISSA MITCHELL, RN, and A. MENDES, RN, and in support thereof alleges as follows:

### JURISDICTION AND VENUE

1. This action arises under the Constitution and laws of the United States, particularly 42 U.S.C. §§ 1983 and 1988, and the Fourteenth Amendment to the United States Constitution.

2. The jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 1331 and 1343.

3. Venue is proper in this district because it is where the events complained of occurred.

4. This is an action for damages which exceeds the sum of Seventy-Five Thousand Dollars ($75,000.00).

5. The incident that gives rise to this action occurred at the Polk Correctional Institution, located in Polk City, Polk County, Florida.

## PARTIES

6. At all times material to this action, Plaintiff, JAMAR JOHNSON, was in the custody of FDOC at the Polk Correctional Institution.

7. Defendant FLORIDA DEPARTMENT OF CORRECTIONS (hereinafter "DOC") is a state agency that owned and/or operated and staffed the Polk Correctional Institution, located at 10800 Evans Rd, Polk City, FL 33868. Defendant, FDOC, is a department of the State of Florida. Defendant, FDOC, operates approximately 68 prison facilities throughout out the State of Florida. Its central office is located in Tallahassee, Florida.  The central office in Tallahassee provides direction, policy, and operational and program oversight through the regional directors and their staff to all these facilities and is responsible for setting policy for the facilities. The FDOC's duties include properly training and supervising those employees and entities and taking corrective actions to prevent discrimination and harm to inmates when specific instances of habit, routine practices, and customs of Constitutional violations are apparent. Defendant, FDOC, is ultimately responsible for the protection and safety of the individuals who are in its custody.  The FDOC receives federal funding and is an "institution" within the meaning of 42 U.S.C. § 1997.

8. Defendant, CENTURION, was the contracted medical provider who was responsible for the delivery of reasonably necessary medical, dental, mental health and substance abuse care to individuals under the custody and control of the Defendant, FDOC, and incarcerated at the Polk Correctional Institution. Defendant, CENTURION, provides physicians, nurses and

other healthcare professionals who are responsible for the health and well-being of the inmates at the Polk Correctional Institution.

9. At all times material, MERCEDES CABALEIRO, MD, was the medical director employed at the Polk Correctional Institution, and was involved in this incident acting under the color and pretense of the constitutions, statutes, ordinances, regulations, customs and usages of the United States of America, the State of Florida, under the color of law and by virtue of her authority as Doctor and Medical Director for Polk Correctional Institution. At all times Defendant, MERCEDES CABALEIRO., engaged in conduct that was the proximate cause of the violations of Plaintiff's federally protected rights, as more particularized herein.

10. At all times material, HEATHER DEXTER, RN, was a nurse employed at the Polk Correctional Institution by Centurion, and was involved in this incident acting under the color and pretense of the constitutions, statutes, ordinances, regulations, customs and usages of the United States of America, the State of Florida, under the color of law and by virtue of her authority as nurse at Polk Correctional Institution. At all times Defendant, HEATHER DEXTER, RN, engaged in conduct that was the proximate cause of the violations of Plaintiff's federally protected rights, as more particularized herein.

11. At all times material, MELISSA MITCHELL, RN, was a nurse employed at the Polk Correctional Institution by Centurion, and was involved in this incident acting under the color and pretense of the constitutions, statutes, ordinances, regulations, customs and usages of the United States of America, the State of Florida, under the color of law and by virtue of her authority as nurse at Polk Correctional Institution. At all times Defendant, MELISSA MITCHELL, RN, engaged in conduct that was the proximate cause of the violations of Plaintiff's federally protected rights, as more particularized herein.

12. At all times material, A. MENDES, RN, was a nurse employed at the Polk Correctional Institution by Centurion, and was involved in this incident acting under the color and pretense of the constitutions, statutes, ordinances, regulations, customs and usages of the United States of America, the State of Florida, under the color of law and by virtue of her authority as nurse at Polk Correctional Institution. At all times Defendant, A. MENDES, RN, engaged in conduct that was the proximate cause of the violations of Plaintiff's federally protected rights, as more particularized herein.

13. Each and all of the acts of the Defendants and other members of the Florida Department of Corrections involved in this incident were performed under the color and pretense of the constitutions, statutes, ordinances, regulations, customs and usages of the United States of America and the State of Florida under the color of law and by virtue of their authority as law enforcement officers and contracted employees for the Florida Department of Corrections. At all times Defendants were engaged in conduct that was the proximate cause of the violations of Plaintiff's federally protected rights as more particularized herein.

**FACTUAL ALLEGATIONS**

14. Plaintiff, JAMAR JOHNSON, had a known medical history of sickle cell anemia, hyperlipidemia and hypertension.

15. On June 21, 2016, Plaintiff was transferred from the Pinellas County Jail to the Florida Department of Corrections custody. The FDOC medical records document a known diagnosis of sickle cell anemia upon transfer.

16. On November 29, 2016, Plaintiff complained of intense pain in his lower and mid back to Defendants, HEATHER DEXTER, RN and MELISSA MITCHELL, RN. He specifically advised them, "I'm in pain, I know my body. I'm having a sickle cell crisis."

17. Defendant, MERCEDES CABALEIRO, the Medical Director knew or should have known through her subordinate that his condition was grave as she signed off on the nurses' notes.

18. By November 30, 2016, his illness progressed into chest pain.

19. On November 30, 2016, Defendant, MERCEDES CABALEIRO, MD, reviewed Plaintiff's blood work and at that time was admitted to the infirmary. That same day, Plaintiff was seen by Defendant, A. MENDES, RN, and her notes were signed off by Defendant, MERCEDES CABALEIRO, MD.

20. Despite these obvious signs of a medical emergency and an acute, serious medical condition, no intervention was taken.

21. On December 1, 2016, Plaintiff was found to have fevers, altered mental status and tachycardia. He was transported to Lakeland Regional Medical Center where his respiratory status declined, and he was intubated and placed on a ventilator machine. He was diagnosed with pneumonia and acute chest syndrome, which are complications of sickle cell anemia.

22. He suffered through a prolonged hospitalization for which he developed ARDS (Acute Respiratory Distress Syndrome). He had persistent fevers for weeks. He had countless lab tests and imaging. He suffered multiple brain ischemia.

23. His family was told on December 17, 2016 that his prospect of meaningful recovery was almost zero. His family decided to proceed with tracheostomy on December 21, 2016 and PEG tube placement.[1]

---

[1] PEG stands for percutaneous endoscopic gastrostomy, a procedure in which a flexible feeding tube is placed through the abdominal wall and into the stomach. PEG allows nutrition, fluids and/or medications to be put directly into the stomach, bypassing the mouth and esophagus.

24. Thankfully, his condition gradually improved, and he was transferred out of the ICU to the medical floor on December 29, 2016. He was eventually discharged to the rehab floor on January 18, 2017.

25. Had Plaintiff been treated earlier when he first complained of chest pain and confessed that he knew this pain on November 30, 2016, he would not have suffered prolonged hospitalization with intubation, tracheostomy, peg tube placement and all of the medical challenges he suffered while hospitalized. Early initiation of antibiotics, oxygen, and treatment for pneumonia and acute chest syndrome would have avoided his distress.

26. In failing to provide treatment to Plaintiff and exploring his clearly stated concern of a sickle cell crisis, Defendants created circumstances that clearly established a strong likelihood of a risk of serious harm and/or death to Jamar Johnson.

27. At all times pertinent to the Complaint, Defendant, MERCEDES CABALEIRO, MD, was Plaintiff's doctor and the Medical Director while he was in the Polk Correctional Institute. Defendant, MERCEDES CABALEIRO, MD, observed Plaintiff and signed off on his medical treatment. Despite Plaintiff's obvious health crisis, Defendant, MERCEDES CABALEIRO, MD, failed to provide treatment in a timely matter which resulted in the exacerbation of his medical condition.

## CLAIMS FOR RELIEF

### COUNT I
### 42 U.S. 1983 – MEDICAL INDIFFERENCE
### MERCEDES CABALEIRO, M.D.

The Plaintiff avers and re-alleges paragraphs 1-27 and further states:

28. Defendant, MERCEDES CABALEIRO, MD, knew of Plaintiff's need of immediate and emergency medical attention because of the history in his medical file, his

presentation condition, and his statements that he knew his body and that he was having a sickle cell crisis. Despite the obvious need for medical attention and treatment, Defendant willfully and intentionally disregarded this information, and in doing so deprived Plaintiff of his substantive and procedural rights without due process of law.

29. Defendant, MERCEDES CABALEIRO, MD, had knowledge of Plaintiff's serious and obvious medical needs and with deliberate indifference to such medical needs, acted or failed to act in such a way as to deprive Plaintiff of necessary and adequate medical care, thereby endangering Plaintiff's health and well-being and causing him to suffer from an exacerbation of his medical condition. Such acts and omissions of the Defendant violated the rights secured by the Fourteenth Amendment of the United States Constitution. Defendant, MERCEDES CABALEIRO, MD, constitutional failures include but are not limited to the failure to render medical care for an obvious existing medical condition.

30. Defendant, MERCEDES CABALEIRO, MD, with knowledge of Plaintiff's medical needs, had a duty under the Fourteenth Amendment to the United States Constitution to provide needed medical care to individuals who are in their custody. Specifically, Defendant failed to ensure Plaintiff received medical care to ensure his medical condition did now worsen.

31. The actions taken by Defendant, MERCEDES CABALEIRO, MD, shocked the conscience and was unjustifiable by any government interest.

32. By virtue of the facts alleged herein, all committed under the color and pretense of federal law, the Defendant was deliberately indifferent to Plaintiff's serious medical needs and intentionally discriminated against Plaintiff and deprived him of his civil rights in violation of 42 U.S.C. § 1983, all of which helped create the damages alleged in the Complaint.

**WHEREFORE**, the Plaintiff, demands judgment against the Defendant for compensatory damages, in an amount in excess of **SEVENTY FIVE THOUSAND DOLLARS** ($75,000.00) together with costs, interest, and any other relief that this Court may deem just and proper.

**COUNT II**
**42 U.S. 1983 – MEDICAL INDIFFERENCE**
**FDOC**

The Plaintiff avers and re-alleges paragraphs 1-27 and further states:

33. At all times relevant herein, Defendant, FDOC, was a state actor. All the actions and admissions of Defendant, FDOC, as alleged herein, were under color of state law. As the Plaintiff was in the custody and control of the Defendant and it cut off the Plaintiff's ability to care for his own well-being, the Defendant, FDOC, was under a constitutional duty to provide the Plaintiff with the basic necessities of life which include, but are not limited to food, shelter and medical care.

34. Defendant, FDOC's, acts and omissions as alleged more specifically herein breached his constitutional duty and violated the Plaintiff's clearly established rights under the Fourteenth Amendment to the United States Constitution and amounted to the denial of life, liberty or property without due process of law as the Defendant was deliberately, consciously and intentionally indifferent to the Plaintiff's known serious medical needs by delaying necessary treatment. As a direct and proximate cause of the indifference, the Plaintiff has suffered tremendous pain and suffering and almost death.

35. Defendant, FDOC, its agents and employees, knew that Plaintiff was in need of medical attention because he was seen by Defendant, MERCEDES CABALEIRO, MD, at the Polk Correctional Institution on November 29, 2016, and Plaintiff advised he was having a sickle cell crisis.

36. Despite Plaintiff's multiple complaints he was not transported to Lakeland Regional Medical Center for life saving treatment until December 1, 2016. Plaintiff complained numerous times for several days about his deteriorating condition but to no avail. Despite the Defendant's prior knowledge of the Plaintiff's need for medical attention and treatment, the Defendant willfully and intentionally disregarded this information in order to discriminate against the Plaintiff and deprive the Plaintiff of his substantive and procedural rights without due process of law.

37. Defendant, FDOC, its agents and employees, with knowledge of Plaintiff's serious and obvious medical needs and with deliberate indifference to such medical needs, have acted or failed to act in such a way as to deprive the Plaintiff of necessary and adequate medical care, thereby endangering the Plaintiff's health and well-being. Such acts and omissions of the Defendant, its agents and employees, violated the rights secured to the Plaintiff by the Fourteenth Amendment of the United States Constitution.

38. Defendant, FDOC, his agents and employees, with knowledge of Plaintiff's medical needs, have a duty under the Fourteenth Amendment to the United States Constitution to provide needed medical care to inmates of the Polk Correctional Institution in conformity with the standard for delivery of such medical care in the State of Florida as a whole.

39. By virtue of the facts alleged herein, all committed under the color and pretense of state law, Defendant, FDCO, was deliberately indifferent to the Plaintiff's serious medical needs and intentionally discriminated against the Plaintiff and deprived Plaintiff of his civil rights in violation of 42 U.S.C. § 1983, all of which helped create the damages alleged herein.

## COUNT III

## 42 U.S. 1983 – MEDICAL INDIFFERENCE

## **CENTURION**

The Plaintiff avers and re-alleges paragraphs 1-27 and further states:

40. At all times relevant herein, Defendant, CENTURION, was the contracted healthcare provider for the Polk Correctional Institution. All the actions and admissions of Defendant, CENTURION, as alleged herein, were under color of state law as an agent of FDOC and the Polk Correctional Institution. As the Plaintiff was in the custody and control of the Defendant, FDOC, and the Defendant, FDOC, cut off the Plaintiff's ability to care for his own well-being, and Defendant, CENTURION, who was the contracted medical provider for the prison was under a constitutional duty to provide the Plaintiff with the basic necessities of life which include, but are not limited to food, shelter and medical care.

41. Defendant, CENTURION's, employees' acts and omissions as alleged more specifically herein, breached their constitutional duty and violated the Plaintiff's clearly established rights under 42 U.S.C. § 1983 and the Fourteenth Amendment to the United States Constitution and amounted to the denial of life, liberty or property without due process of law, as the Defendant's employees were deliberately, consciously and intentionally indifferent to the Plaintiff's known serious medical needs.

42. The Defendant, through its employees, was consciously, deliberately and intentionally indifferent to the medical needs of the Plaintiff for three days by delaying necessary treatment. As a direct and proximate cause of the indifference, the Plaintiff has suffered tremendous pain and suffering.

43. Defendant, CENTURION's, employees knew that Plaintiff was in need of medical attention because Plaintiff was seen by Defendant, MERCEDES CABALEIRO, MD, who was

provided by CENTURION, at the Polk Correctional Institution on November 29, 2016, and Plaintiff voiced his medical issues.

44. Despite multiple complaints by the Plaintiff, he was not taken to the hospital until December 1, 2016, when he was near death. Despite the Defendant's employees' prior knowledge of the Plaintiff's need for medical attention and treatment, the Defendant, through its employees, willfully and intentionally disregarded this information in order to discriminate against the Plaintiff and deprive the Plaintiff of his substantive and procedural rights without due process of law.

45. Defendant, CENTURION, by and through its employees, who had knowledge of Plaintiff's serious and obvious medical needs and with deliberate indifference to such medical needs, have acted or failed to act in such a way as to deprive the Plaintiff of necessary and adequate medical care, thereby endangering the Plaintiff's health and well-being. Such acts and omissions of the Defendant, by and through its employees, violated the rights secured to the Plaintiff by the Fourteenth Amendment of the United States Constitution.

46. Defendant, CENTURION, by and through its employees, with knowledge of Plaintiff's medical needs, has a duty under the Fourteenth Amendment to the United States Constitution to provide needed medical care to inmates of the Polk Correctional Institution in conformity with the standard for delivery of such medical care in the State of Florida as a whole. Specifically, Defendant failed to ensure Plaintiff receive timely urgent medical care only attainable outside the Polk Correctional Institution.

47. By virtue of the facts alleged herein, all committed under the color and pretense of state law as an agent of FDOC, Defendant, CENTURION, through its employees, was deliberately indifferent to the Plaintiff's serious medical needs and intentionally discriminated against the

Plaintiff and deprived Plaintiff of his civil rights in violation of 42 U.S.C. § 1983, all of which helped create the damages alleged below.

## COUNT IV
## 42 U.S. 1983 – MEDICAL INDIFFERENCE
## HEATHER DEXTER, RN

The Plaintiff avers and re-alleges paragraphs 1-27 and further states:

48. Defendant, HEATHER DEXTER, RN, knew of Plaintiff's need of immediate and emergency medical attention because of the history in his medical file, his presentation condition, and his statements that he knew his body and that he was having a sickle cell crisis. Despite the obvious need for medical attention and treatment, Defendant willfully and intentionally disregarded this information, and in doing so deprived Plaintiff of his substantive and procedural rights without due process of law.

49. Defendant, HEATHER DEXTER, RN, had knowledge of Plaintiff's serious and obvious medical needs and with deliberate indifference to such medical needs, acted or failed to act in such a way as to deprive Plaintiff of necessary and adequate medical care, thereby endangering Plaintiff's health and well-being and causing him to suffer from an exacerbation of his medical condition. Such acts and omissions of the Defendant violated the rights secured by the Fourteenth Amendment of the United States Constitution. Defendant, HEATHER DEXTER, RN, constitutional failures include but are not limited to the failure to render medical care for an obvious existing medical condition.

50. Defendant, HEATHER DEXTER, RN, with knowledge of Plaintiff's medical needs, had a duty under the Fourteenth Amendment to the United States Constitution to provide needed medical care to individuals who are in their custody. Specifically, Defendant failed to ensure Plaintiff received medical care to ensure his medical condition did now worsen.

51.     The actions taken by Defendant, HEATHER DEXTER, RN, shocked the conscience and was unjustifiable by any government interest.

52.     By virtue of the facts alleged herein, all committed under the color and pretense of federal law, the Defendant was deliberately indifferent to Plaintiff's serious medical needs and intentionally discriminated against Plaintiff and deprived him of his civil rights in violation of 42 U.S.C. § 1983, all of which helped create the damages alleged in the Complaint.

**WHEREFORE**, the Plaintiff, demands judgment against the Defendant for compensatory damages, in an amount in excess of **SEVENTY FIVE THOUSAND DOLLARS** ($75,000.00) together with costs, interest, and any other relief that this Court may deem just and proper.

### COUNT V
### 42 U.S. 1983 – MEDICAL INDIFFERENCE
### MELISSA MITCHELL, RN

The Plaintiff avers and re-alleges paragraphs 1-27 and further states:

53.     Defendant, MELISSA MITCHELL, RN, knew of Plaintiff's need of immediate and emergency medical attention because of the history in his medical file, his presentation condition, and his statements that he knew his body and that he was having a sickle cell crisis. Despite the obvious need for medical attention and treatment, Defendant willfully and intentionally disregarded this information, and in doing so deprived Plaintiff of his substantive and procedural rights without due process of law.

54.     Defendant, MELISSA MITCHELL, RN, had knowledge of Plaintiff's serious and obvious medical needs and with deliberate indifference to such medical needs, acted or failed to act in such a way as to deprive Plaintiff of necessary and adequate medical care, thereby endangering Plaintiff's health and well-being and causing him to suffer from an exacerbation of his medical condition. Such acts and omissions of the Defendant violated the rights secured by the

Fourteenth Amendment of the United States Constitution. Defendant, MELISSA MITCHELL, RN, constitutional failures include but are not limited to the failure to render medical care for an obvious existing medical condition.

55. Defendant, MELISSA MITCHELL, RN, with knowledge of Plaintiff's medical needs, had a duty under the Fourteenth Amendment to the United States Constitution to provide needed medical care to individuals who are in their custody. Specifically, Defendant failed to ensure Plaintiff received medical care to ensure his medical condition did now worsen.

56. The actions taken by Defendant, MELISSA MITCHELL, RN, shocked the conscience and was unjustifiable by any government interest.

57. By virtue of the facts alleged herein, all committed under the color and pretense of federal law, the Defendant was deliberately indifferent to Plaintiff's serious medical needs and intentionally discriminated against Plaintiff and deprived him of his civil rights in violation of 42 U.S.C. § 1983, all of which helped create the damages alleged in the Complaint.

**WHEREFORE**, the Plaintiff, demands judgment against the Defendant for compensatory damages, in an amount in excess of **SEVENTY FIVE THOUSAND DOLLARS** ($75,000.00) together with costs, interest, and any other relief that this Court may deem just and proper.

## COUNT VI
## 42 U.S. 1983 – MEDICAL INDIFFERENCE
## A. MENDES, RN

The Plaintiff avers and re-alleges paragraphs 1-27 and further states:

58. Defendant, A. MENDES, RN, knew of Plaintiff's need of immediate and emergency medical attention because of the history in his medical file, his presentation condition, and his statements that he knew his body and that he was having a sickle cell crisis. Despite the obvious need for medical attention and treatment, Defendant willfully and intentionally

disregarded this information, and in doing so deprived Plaintiff of his substantive and procedural rights without due process of law.

59. Defendant, A. MENDES, RN, had knowledge of Plaintiff's serious and obvious medical needs and with deliberate indifference to such medical needs, acted or failed to act in such a way as to deprive Plaintiff of necessary and adequate medical care, thereby endangering Plaintiff's health and well-being and causing him to suffer from an exacerbation of his medical condition. Such acts and omissions of the Defendant violated the rights secured by the Fourteenth Amendment of the United States Constitution. Defendant, A. MENDES, RN, constitutional failures include but are not limited to the failure to render medical care for an obvious existing medical condition.

60. Defendant, A. MENDES, RN, with knowledge of Plaintiff's medical needs, had a duty under the Fourteenth Amendment to the United States Constitution to provide needed medical care to individuals who are in their custody. Specifically, Defendant failed to ensure Plaintiff received medical care to ensure his medical condition did now worsen.

61. The actions taken by Defendant, A. Mendes, RN, shocked the conscience and was unjustifiable by any government interest.

62. By virtue of the facts alleged herein, all committed under the color and pretense of federal law, the Defendant was deliberately indifferent to Plaintiff's serious medical needs and intentionally discriminated against Plaintiff and deprived him of his civil rights in violation of 42 U.S.C. § 1983, all of which helped create the damages alleged in the Complaint.

**WHEREFORE**, the Plaintiff, demands judgment against the Defendant for compensatory damages, in an amount in excess of **SEVENTY FIVE THOUSAND DOLLARS** ($75,000.00) together with costs, interest, and any other relief that this Court may deem just and proper.

## **DAMAGES**

Plaintiff repeats and re-alleges all paragraphs of this Complaint and incorporates them by reference herein.

63. As a direct and proximate result of the aforementioned actions and omissions of the Defendants and the agencies as outlined above, Plaintiff suffered great harm. Plaintiff seeks recovery from the Defendants of all damages to which he may be entitled under state and federal law for the injuries and damages to Plaintiff which include, but are not limited to, the following:

   a. Emotional Pain and Suffering of a past, present and future nature;

   b. Physical Pain and Suffering of a past, present and future nature;

   c. Medical expenses of a past, present and future nature;

   d. Permanent Impairment of a past, present and future nature;

   e. Loss of Enjoyment of Life of a past, present and future nature;

   f. Loss of Earning Capacity of a past, present and future nature;

   g. Punitive Damages;

   h. Pre and Post-Judgment Interest;

   i. Statutory and Discretionary Costs;

   j. Attorney's fees where permitted by statute or contract;

   k. All such further relief, both general and specific, to which she may be entitled under the premises.

## DEMAND FOR JURY TRIAL

Plaintiff hereby demands a jury trial on all issues so triable.

Dated: November 27, 2020

                      Respectfully submitted,

                      **MICHAEL P. MADDUX, P.A.**

                      s/ Michael P. Maddux
                      Michael P. Maddux, Esquire
                      Florida Bar Number: 964212
                      Trial Counsel for Plaintiff
                      2102 West Cleveland Street
                      Tampa, Florida 33606
                      Telephone: (813) 253-3363
                      Facsimile: (813) 253-2553
                      E-Mail: mmaddux@madduxattorneys.com
                      jsalter@madduxattorneys.com
                      ctonski@madduxattorneys.com

                      and

                      **DENMON PEARLMAN, P.A.**

                      s/ Lee Pearlman
                      Lee Pearlman, Esquire
                      Florida Bar Number:
                      Trial Counsel for Plaintiff
                      520 2nd Ave. S.
                      St. Petersburg, FL 33701
                      Telephone: 727-493-5610
                      E-Mail: lee@denmonlaw.com